David K. Pauole (021965)
Brett R. Steele (034716)
WELKER & PAUOLE PLC
10429 South 51st Street, Suite 285
Phoenix, AZ 85044
(480) 961-0040
dpauole@wplawfirm.com
bsteele@wplawfirm.com
Attorneys for Defendants Cave Creek Unified School District,
 Matthew Owsley, Julie VanDenBerg, Mark Warren,
 Debbi Burdick, Janiene Marlow, and Jennifer Purvis

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Johnson, as mother of MC, a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>Peoria Unified School District, et al.,<br><br>Defendants. | No. 2:24-CV-03456-ASB<br><br>**ANSWER** |

Defendants Cave Creek Unified School District (District), Matthew Owsley, Julie VanDenBerg, Mark Warren, Debbi Burdick, Janiene Marlow, and Jennifer Purvis—for their answer to plaintiffs' first-amended complaint—admit, deny, and allege as follows:

**Jurisdiction and Venue**

I.

In response to paragraphs 1 through 3, this case has been removed to federal court, where jurisdiction is appropriate. Defendants reserve the right to argue that the Court

should decline to exercise jurisdiction should plaintiffs' federal claim be dismissed before trial. To the extent that any other response is required, defendants deny the allegations.

II.

Defendants deny the allegations of paragraph 4.

III.

In response to paragraph 5, defendants admit that MC is a minor. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

IV.

Defendants deny the allegations of paragraph 6.

**Parties**

V.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 7 through 10.

VI.

In response to paragraph 11, defendants admit that CCUSD is a public school district organized and operated under Arizona law. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

VII.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 12 through 24.

**Allegations**

VIII.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 25 through 72.

IX.

In response to paragraph 73, defendants admit that Vandenburg was a counselor. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

X.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 74 through 96.

XI.

In response to paragraphs 97 and 98, defendants deny that Owsley was superintendent. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

XII.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 99 through 105.

. . .

. . .

. . .

XIII.

In response to paragraph 106, defendants admit that Owsley was and is the principal of Black Mountain Elementary School. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

XIV.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 107 through 145.

XV.

Defendants deny the allegations of paragraph 146.

XVI.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 147 through 198.

XVII.

In response to paragraph 199, defendants admit that MC attended LMES during SY17-18 and allege that he did so without incident. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

XVIII.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 200 through 221.

. . .

. . .

XIX.

In response to paragraph 222, defendants admit that MC withdrew from LMES towards the start of SY18-19. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

XX.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 223 through 262.

**Count I—Title VI**

XXI.

In response to paragraph 263, defendants incorporate all prior admissions, denials, and allegations.

XXII.

Defendants admit the allegations of paragraphs 264 through 267 but denies that they set the standard for liability in this litigation.

XXIII.

In response to paragraph 268, defendants deny that CCUSD had actual knowledge that MC was subjected to a racially hostile educational environment but took no meaningful action. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

XXIV.

Defendants deny the allegations of paragraphs 269 through 271.

**Count II—Negligent Failure to Protect**

XXV.

In response to paragraph 272, defendants incorporate all prior admissions, denials, and allegations.

XXVI.

Defendants deny the allegations of paragraph 273.

XXVII.

In response to paragraphs 274 and 275, defendants admit owing a duty of reasonable care to students within CCUSD's custody and/or control. Defendants deny the remaining allegations.

XXVIII.

Defendants deny the allegations of paragraphs 276 and 277.

**Count III—Negligence/Gross Negligence**

XXIX.

In response to paragraph 278, defendants incorporate all prior admissions, denials, and allegations.

XXX.

In response to paragraphs 279 through 282, defendants admit owing a duty of reasonable care to students within CCUSD's custody and/or control. Defendants deny the remaining allegations.

. . .

XXXI.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 283.

XXXII.

Defendants deny the allegations of paragraphs 284 through 290.

**Count IV—Negligence Per Se**

XXXIII.

In response to paragraph 291, defendants incorporate all prior admissions, denials, and allegations.

XXXIV.

Defendants deny the allegations of paragraphs 292 through 298.

**Count V—Negligent Hiring, Supervision, Training, and Retention**

XXXV.

In response to paragraph 299, defendants incorporate all prior admissions, denials, and allegations.

XXXVI.

Defendants deny the allegations of paragraph 300.

XXXVII.

In response to paragraph 301, defendants admit owing a duty of reasonable care to students within CCUSD's custody and/or control. Defendants deny the remaining allegations.

XXXVIII.

Defendants deny the allegations of paragraph 302.

XXXIX.

Defendants join in the request for a jury trial.

**DEFENSES, DENIALS, AND ALLEGATIONS APPLICABLE TO EACH AND EVERY CLAIM FOR RELIEF**

XL.

Defendants deny every complaint allegation not expressly admitted above.

XLI.

Defendants allege plaintiffs' failure to timely and properly comply with A.R.S. § 12-821.01 and § 12-821.

XLII.

Defendants reserve the right to allege the fault of any party and non-party.

XLIII.

Defendants have not yet had a reasonable opportunity to complete discovery. Because of the possibility that facts and circumstances may be discovered later, which may substantiate one or more of the following affirmative defenses, defendants reserve the right in accordance with Rules 8 and 12, to allege the following: failure to state a claim upon which relief can be granted, failure to join a person needed for just adjudication, contributory negligence, estoppel, laches, license, payment, release, res judicata, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense, including A.R.S. §§ 12-820 *et seq.*

WHEREFORE, having fully defended, defendants respectfully request that plaintiffs' complaint and all causes of action therein be dismissed and that plaintiffs take nothing thereby. Defendants further request an award for their costs of suit and attorneys' fees, if appropriate, and for all such other relief that the Court deems just and proper.

DATED this 11th day of March, 2025.

        WELKER & PAUOLE PLC

By   /s/ David K. Pauole
    David K. Pauole
    Brett R. Steele
    10429 South 51st Street, Suite 285
    Phoenix, AZ  85044
    Attorneys for Defendants Cave Creek Unified
     School District, Matthew Owsley, Julie
     VanDenBerg, Mark Warren, Debbi Burdick,
     Janiene Marlow, and Jennifer Purvis

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

COPIES mailed to:

The Honorable Alison S. Bachus
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 323-401
401 West Washington Street, SPC 56
Phoenix, AZ  85003-2161

   /s/ Cindy M. Opsahl

6927-1678