Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Johnson, as mother of MC, a minor child,<br><br>Plaintiffs,<br><br>vs.<br><br>Peoria Unified School District; Cave Creek Unified School District; Deer Valley Unified School District; Debbie Burdick; Mark Warren; Robert Miller; Nancy Shaver; Julie Vandenberg; Sydney Meyers; Matthew Owsley; Jennifer Purvis; Janiene Marlow; Jana Miller; Joshua Rawlings; Monica Clay,<br><br>Defendants. | Case No.: CV-24-03456-PHX-ROS<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANT JANA MILLER WITH PROCESS AND VIA ALTERNATIVE MEANS**<br><br>(Assigned to the Honorable Roslyn O. Silver) |

Through undersigned counsel and pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Rule 4.1(k) of the Arizona Rules of Civil Procedure, and the Court's Order, ECF No. 34, entered April 1, 2025 (the "Order to Show Cause"), Plaintiff Sarah Johnson ("Plaintiff") hereby moves that the time to serve Defendant Jana Miller be extended by fifteen (15) days, and that Plaintiff be permitted to serve her via alternative means via posting the service documents to Ms. Miller's door.

Pursuant to the Order to Show Cause, Plaintiff must "show cause by [today], why this case should not be dismissed pursuant to Rule 4(m) with respect to the three

Defendants not yet served in accordance with the provision of Rule 4 of the Federal Rules of Civil Procedure." Order to Show Cause 2:1-3, ECF No. 34. Those three Defendants are Sydney Meyers, Robert Miller, and Jana Miller. *Id.* at 1:19. This same day Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice of Sydney Meyers and Robert Miller.

As to Jana Miller, Plaintiff's process server attempted to serve her at her residence located at 5412 E Butte Canyon Dr., Cave Creek, AZ multiple times prior to March 10, 2025, the service deadline, without success, and it became clear that she was evading service. *See* Certificate of Attempted Service of Jana Miller attached as "**Exhibit 1**" hereto. On March 2, 2025, Plaintiff's process server knocked on her door seven times and rang her doorbell twice, but no one answered. **Ex. 1 ¶** 3. Importantly, Plaintiff has a "Ring" doorbell, which means she can observe who is at her door remotely via a door camera. *See id.*

On March 6, 2025, Plaintiff's process server again attempted to serve Ms. Miller. Someone was clearly home, as he "saw lights on in inside," "heard the TV playing," "heard voices talking to each other and a dog." **Ex. 1 ¶** 4. He "knocked several times and heard the dog being quieted." *Id.* He "hit the Ring doorbell and kept knocking but they refused to answer the door or Ring doorbell." *Id.* "[The Ring doorbell] was activated numerous times so they knew [he] was at their door." *Id.*

Plaintiff's process server tried a third time on March 9, 2025, "again . . . with the same results." *See* **Ex. 1 ¶** 5. "The shutters were partially open and [he] knocked multiple times and [activated] the Ring doorbell 10 times." *Id.* "No one answered the door or Ring

2

doorbell. [The Ring doorbell] was activated numerous times[,] so they knew [he] was at their door." *Id.*

In light of the foregoing, it is the considered opinion of Gary Steiner, an experienced registered Private Process Server, that "[Ms. Miller] and her husband are avoiding answering the door and evading service." *See* **Ex. 1** ¶ 6. He "strongly recommend[s] Alternative Service by posting the documents to the door." *Id.*

After the expiration of the March 10, 2025 service deadline, Plaintiff's counsel reached out to counsel for Defendant Cave Creek Unified School District and various Cave Creek personnel, asking whether he would be representing Ms. Miller, in an effort to possibly secure a waiver of service from her, thus obviating the need to file a motion to extend the service deadline. Cave Creek's counsel indicated that he would attempt to get in touch with her. However, over the next few weeks he was ultimately unsuccessful.

"There are two ways that [a] Court may extend the time for service set by Federal Rule of Civil Procedure 4(m)." *Landwer v. Royal Neighbors of Am.*, No. CV-24-03134-PHX-JAT, at *2 (D. Ariz. April 4, 2025) (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)). "The first is mandatory. Based upon the plain language of that Rule, 'the district court *must* extend time for service upon a showing of good cause.'" *Id.* (emphasis added) (quoting *Lemoge*, 587 F.3d at 1198). "Courts must determine whether good cause 'has been shown on a case by case basis.'" *Id.* (quoting *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)).

"Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *Lemoge*, 587 F.3d at 1198 n. 3. "To determine whether the plaintiff's

failure to serve constitutes 'excusable neglect,' the court should examine the following factors: (1) the danger of prejudice to the defendant; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Landwer*, No. CV-24-03134-PHX-JAT, at *3 (quoting *Pember v. Ryan*, No. CV-11-2332-PHX-SMM, at *3 (D. Ariz. July 11, 2014)). Here, there is no danger of prejudice to Ms. Miller, and any potential impact on the proceedings will be insignificant, from a very brief fifteen-day extension to the service period. The delay was caused by Ms. Miller's deliberate evasion of service, and there is no evidence Plaintiff acted in bad faith. All four factors tilt strongly in favor of a finding of excusable neglect, and thus for "good cause," the existence of which mandates extension.

Nevertheless, even if there is not good cause to extend the deadline, "District courts also have '*broad*' . . . discretion to extend the service deadline '*even in the absence of good cause*.'" *MLB Sales Inc. v. Rk Gems LLC*, No. CV-23-01526-PHX-DWL, at *3 (D. Ariz. Nov. 30, 2023) (emphasis added) (quoting *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007)); *Arellano v. San Luis*, No. CV-16-03423-PHX-DGC, at *7 (D. Ariz. May 8, 2017) ("[E]ven without a showing of good cause, a district court may utilize its broad discretion to extend the time for service." (quoting *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004))); *see also Dimitrov v. Stavatti Aerospace Ltd.*, No. CV-23-00226-PHX-DJH, at *2 (D. Ariz. Oct. 12, 2023) ("District courts enjoy broad discretion when making extension decisions under Rule 4(m)." (citing *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001))).

"The Ninth Circuit Court of Appeals has declined to 'articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)[,]' [simply] noting 'that, under the terms of the rule, the court's discretion is broad.'" *Landwer*, No. CV-24-03134-PHX-JAT, at *5 (quoting *Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D. Hawai'i Aug. 18, 2011)). Here, to the extent the Court finds that a mandatory extension is not merited, the Court should nevertheless exercise its considerable discretion to extend the deadline to serve Ms. Miller for a relatively brief fifteen-day period. In light of all the foregoing, including the lack of prejudice to Ms. Miller, the insignificant impact on these proceedings, Ms. Miller's evasion of service, the brief length of the extension, and Plaintiff's good faith, such an extension is appropriate.

Finally, in addition to a fifteen-day extension of time to serve Ms. Miller with process, Plaintiff also moves for permission to do so via the alternative means of posting the service documents to her door. An individual residing within the District of Arizona such as Ms. Miller may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction" in the State of Arizona. *See* Fed. R. Civ. P. 4(e)(1). In Arizona, if a party shows that the normal means of service under the Rules are impracticable, a court may order that service be accomplished in another manner. *See* Ariz. R. Civ. P. 4.1(k)(1). Here, because Ms. Miller and whoever resides with her are clearly evading service at their residence and refusing to answer the door for a process server, it is unlikely further attempts to personally serve her or another resident of the house will be successful. Thus, on the strong recommendation of Plaintiff's experienced process

server, Plaintiff moves that she be permitted to accomplish service by posting the documents to the door of Ms. Miller's residence. *See* **Ex. 1** ¶ 6.

For all the foregoing reasons, Plaintiff respectfully requests that the Court extend the time to serve Ms. Miller for an additional fifteen days, and allow service to be accomplished via posting the service documents to Ms. Miller's door.

**RESPECTFULLY SUBMITTED** this 8th day of April 2025.

                      **MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
     Robert T. Mills
     Sean A. Woods
     5055 North 12th Street, Suite 101
     Phoenix, AZ 85014
     *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

David K. Pauole
dpauole@wwpfirm.com
copsahl@wplawfirm.com
Brett R. Steele
bsteele@wwpfirm.com
**WRIGHT WELKER & PAUOLE, PLC**
10429 S 51st St., Ste. 285
Phoenix, AZ 85044
(480) 961-0040
*Attorneys for Defendant Cave Creek Unified School District, Matthew Owsley, Julie VanDenBerg, Mark Warren, Debbi Burdick, Janiene Marlow, and Jennifer Purvis*

Meghan M. Baka
mmb@udallshumway.com
Eli T. Enger
ete@udallshumway.com
jcd@udallshumway.com
**UDALL SHUMWAY**
docket@udallshumway.com
1138 N Alma School Rd., Ste. 101
Mesa, AZ 85201
(480) 461-5300
*Attorneys for Defendant Deer Valley Unified School District*

Michael E. Hensley
mhensley@jshfirm.com
dbrown@jshfirm.com
ldrapeau@jshfirm.com
John D. Lierman
jlierman@jshfirm.com
Clarissa B. Reiman
creiman@jshfirm.com
rbarajas@jshfirm.com
**JONES, SKELTON & HOCHULI P.L.C.**
40 N Central Ave., Ste. 2700
Phoenix, AZ 85004
(602) 263-1775

*Attorneys for Defendant Peoria Unified School District*

　　　*/s/ Ben Dangerfield*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556