1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Johnson, | No. CV-24-03456-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Peoria Unified School District, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Amended Motion to Amend Rule 16 Scheduling Order (Doc. 59), to which certain Defendants filed a Response in opposition (Doc. 61) and Plaintiff filed a Reply (Doc. 62). The Court finds Plaintiff has adequately demonstrated good cause for the requested extensions under Federal Rule of Civil Procedure 16(b)(4), so the Court will grant Plaintiff's request. Moreover, upon the recent transfer of this case to the undersigned, the Court will modify the Scheduling Order (Doc. 49) as indicated below.

**IT IS THEREFORE ORDERED** granting Plaintiff's Amended Motion to Amend Rule 16 Scheduling Order (Doc. 59).

**IT IS FURTHER ORDERED** extending certain deadlines in the Scheduling Order (Doc. 49), as requested by Plaintiff (Doc. 59 at 2; Doc. 59-1) and as follows:

1. The deadline for Plaintiff to serve expert disclosures, from January 23, 2026 to **April 24, 2026**;

2.  The deadline for Defendants to serve expert disclosures, from March 13, 2026 to **June 19, 2026**;

3.  The deadline to serve final Supplemental Disclosures, from April 3, 2026 to **July 24, 2026**;

4.  [deadline deleted by this Order]

5.  The deadline to complete depositions, from May 5, 2026 to **July 3, 2026[1]**;

6.  The deadline to serve responses to discovery requests, from May 5, 2026 to **June 19, 2026**;

7.  [deadline deleted by this Order]

8.  The dispositive motion and *Daubert* motion deadline, from May 22, 2026 to **August 28, 2026**.

**IT IS FURTHER ORDERED** amending certain portions of the Scheduling Order (Doc. 49), to read as follows:

**J.** The parties shall not file written discovery motions without leave of the Court. Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed one page per side, with an explanation of the position taken by each side; and (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure (LRCiv) 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing. Any briefing ordered by the Court shall also comply with LRCiv 7.2(j). If a discovery dispute arises in the course of a deposition and requires an immediate

---

[1] The new date Plaintiff listed on the proposed order (Doc. 59-1) does not match the new date Plaintiff requested in the motion (Doc. 59 at 2); the deadline will be that requested in the motion.

ruling of the Court—a circumstance that should be exceedingly rare—the parties shall jointly contact the Court telephonically. The Court will not entertain discovery disputes after the close of discovery absent truly extraordinary circumstances.

**L.** All dispositive motions, **including *Daubert* motions**,[2] shall be filed no later than **August 28, 2026**. A party or parties represented by the same lawyer shall file **no more than one** motion for summary judgment unless leave of Court is obtained. Any party filing a motion for summary judgment, motion for partial summary judgment, or response thereto, shall not file a statement of facts or controverting statement of facts exceeding **10 pages** in length. LRCiv 56.1 is clear that parties' statements of fact or controverting fact "should include only those facts on which the party relies" in support of the motion or response.

**IT IS FURTHER ORDERED** deleting from the Scheduling Order (Doc. 49) *the following sections* and *all deadlines contained therein*: **N, O, P, Q, R, S, T**. The Court thereby **vacates** the deadlines for filing a quadrimonthly "notice of discovery and settlement" contained in section **N**; the deadline for filing trial documents set forth in section **O** of August 28, 2026; the interim Rule 16 Status Conference set for May 7, 2026 contained in section **T,** as modified by Doc. 54; and the Joint Status Report deadline of April 29, 2026 contained in section **T**.

**IT IS FURTHER ORDERED** adding the following section to the Scheduling Order (Doc. 49):

**N.**      If no dispositive motions are pending before the Court when the dispositive motion deadline has passed, Plaintiff(s) shall file and serve within ten (10) days of the dispositive motion deadline, a Notice of Readiness for a status conference. If a dispositive

---

[2] Evidentiary motions made under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

motion is filed, the Court will schedule a status conference as necessary upon resolution of the motion.

Dated this 2nd day of March, 2026.

Honorable John J. Tuchi
United States District Judge